Harlin and Husband v. Léglise.

ELIZA HARLIN and Husband *v.* PIERRE LÉGLISE.

Donations *propter nuptias* were not excepted from the provision of art. 48, tit. 2, book 3, of the Code of 1808, that "no donation *inter vivos* of moveable property or slaves, shall be valid for any other effects than those of which an estimate, signed by the donor or donee, or by those who accept for him, is annexed to the record of the donation." The omission of the estimate, in a donation of slaves, is not cured by the delivery of the slaves.

Donations *propter nuptias* are not excepted from the general rules prescribed by the Code of 1808, in relation to other donations.

APPEAL from the District Court of Avoyelles, *Boyce,* J.

MARTIN, J. The heirs of the defendant* are appellants from a judgment by which the plaintiff Eliza Harlin, has recovered several slaves, which she claims under a donation *propter nuptias,* made by her first husband before marriage, and the hire of them. Her claim was resisted on the ground of the nullity of the donation, resulting from the omission therein of the estimate signed by the parties, which is required by the Code of 1808, art. 48, p. 218. The District Judge was of opinion that this article was not applicable to donations *propter nuptias,* for various reasons ; but he mentioned one of them only, to wit, that under the Spanish jurisprudence, these donations were not considered in the "*light of donations of mere liberality, but rather as remuneratory.*" It appears to us that the provisions of the Code† are so express and positive, that it is in vain to resort to the jurisprudence of Spain to fix or ascertain their meaning. The exception of donations *propter nuptias* from the general rule, is repelled by the Code, art. 210, p. 254, which provides, that "every donation *inter vivos,* though made by marriage contract, is subject to the general rules prescribed for the donations made under that title." This article is found in the eighth chapter, which treats of "donations made by marriage contract to the husband or wife, and to the children to be born of the marriage." In the next chapter, which treats of "donations between married persons, either by marriage contract or during marriage," the provision is repeated in the following

---

* Pierre Léglise died shortly after the institution of this suit.

† The donation was made in 1820, when the Code of 1808 was still in force.

words : " Every donation of present property made between married persons by marriage contract, &c., is subject to all the rules *above prescribed* for those kinds of donations." Art. 220, p. 256. This article is the second of the ninth chapter, and the "*rules above prescribed*" evidently refer to the rules prescribed in the eighth or preceding chapter. The above are not the only parts of the Code in which the proposition, that donations *propter nuptias* are excepted from the general rules prescribed in relation to other donations, is repelled. In the chapter which treats of the various kinds of matrimonial agreements, it is provided, art. 15, p. 326, that " husband and wife may, by their marriage contract, make reciprocally, or one to the other, or receive from other persons in consideration of their marriage, every kind of donations, *according to the rules, and under the modifications prescribed* in the title of donations *inter vivos* and *mortis causa*." With such direct, express, and repeated provisions, extending to donations *propter nuptias* all the rules prescribed by the Code in regard to other donations, it is in vain to resort to the jurisprudence which prevailed before the promulgation of the Code. We conclude, therefore, that the District Court erred in recognizing any exception from the general rule, in favor of donations *propter nuptias*. The District Court has advanced the opinion, that the omission of the estimate in the donation was cured by the tradition or delivery of the slaves ; this court expressed an opposite opinion in a similar case, to wit, that of *Williams et al.* v. *Horton, Curator*, 4 Mart. N. S. 468. The reasons for the judgment were given at full length on this point, as well as upon another, which is also raised in the present case, to wit, the inutility of the estimate. It is useless to repeat them here, as a reference to the case will suffice. The plaintiff Eliza Harlin, claims under a compromise with the defendant, a sum of money for the usufruct or hire of the slaves during three years, to which she contends she was entitled. As to this part of the case, it appears to us just to reserve her rights, if any she has. A close examination of this compromise has failed to satisfy us, that it was such a recognition of her title as cured the defect in the donation.

It is, therefore, ordered, that the judgment of the District Court be annulled and reversed, and that there be judgment for the

defendants, with costs in both courts ; reserving, however, to the plaintiff and appellee Eliza Harlin, her rights to the usufruct or hire of the slaves, under the act of January 30th, 1832.

*Brewer, Elgee* and *Dunbar*, for the plaintiffs.

*Swayze* and *D. Seghers*, for the appellants.